[No. 539.   August 24, 1893.]

# THE BOARD OF EDUCATION OF THE CITY OF SOCORRO, Plaintiff in Error, v. CHARLES A. ROBINSON, Defendant in Error.

Liquor License Fees, Right of Sheriff to Commissions Thereon.— Sections 1, 3, chapter 9, Laws, 1891, providing that any person desiring to sell liquors in any incorporated city shall make due application for a license to the mayor or city counsel, and that every license provided for by the act shall be issued for the period of twelve months by the clerk of the board of county commissioners, upon the order of such board, or by the city, or town clerk, or recorder, upon the order of the mayor, city, or town council, or board of trustees, and shall by such clerk, or recorder, be turned over to the applicant for said license, upon the payment of said license fee, by said applicant, into the hands of the county treasurer, to be covered into the general school fund of the county, dispenses, by necessary implication, with the collection of license fees by the sheriff, as provided in sections 2903, 2904, Compiled Laws, and such officer has no right to make such collections; and where he voluntarily does so, is not entitled to any commission thereon.

Id.—Issued by Probate Clerk—Assumpsit to Recover Commissions Collected Thereon by the Sheriff.—Where, under such circumstances, an action of assumpsit was brought by the board of education of the city of Socorro to recover the commissions, on such license fees, so collected and retained by defendant while sheriff of Socorro county, and it appeared that the licenses were issued by the probate clerk, instead of the city recorder, contrary to the provisions of chapter 9 of the Laws of 1891, supra, and that defendant turned over to plaintiff a portion of said fees,—Held: Defendant, in turning over to plaintiff a portion of the license fees so collected, recognized plaintiff's right to the money, and, by its approval, acted as its agent in collecting the same, or wrongfully received what belonged to plaintiff. In either case defendant is liable in assumpsit for money had and received to plaintiff's use; and, not being entitled to any of the money for collecting it, is bound to pay over to plaintiff the amount retained; and the fact that the licenses were issued by the probate clerk, without any authority to do so, does not affect his liability.

Error, from a judgment in favor of defendant, to the Fifth Judicial District Court, Socorro County. Judgment reversed.

The facts are stated in the opinion of the court.

JAMES G. FITCH for plaintiff in error.

Section 3, chapter 9, Laws, 1891, providing that licenses shall not be turned over to the applicants until they have paid the license fees into the hands of the county treasurer virtually makes the licenses collect themselves, and does away with the expenses of assessment and collection under sections 2903, 2904, Compiled Laws, which are clearly repealed.

The defendant had no right to take the licenses and collect the amounts due on them, and, in doing so, acted outside of the scope of his official authority, and is not entitled to any commission as collector, nor to any compensation whatever for his services. Berghauser v. Blankenburg, 86 Cal. 316; 24 Pac. Rep. 1062.

Plaintiff is entitled to all money arising from retail liquor licenses within the city of Socorro. Chap. 25, sec. 35, Laws, 1891; Board of Education of East Las Vegas v. Tafoya, 6 N. M. 292.

In such a case an action of assumpsit will lie for money had and received to plaintiff's use. No privity of contract between the parties is required, except that which results from the circumstances. Though a common law action, its scope has been so enlarged as to include cases where plaintiff is equitably entitled to the money. 4 Wait's Act. and Def. 507; Gaines v. Miller, 111 U. S. 375; O'Conley v. City of Natchez, 40 Am. Dec. 87; Tuite v. Wakalee, 19 Cal. 693; Pimental v. San Francisco, 21 Id. 352; Tugman v. Nat. Steamship Co., 76 N. Y. 207; Roberts v. Ely, 113 Id. 128.

Both in this and in other forms of action plaintiff can, at his election, sue the wrongdoer, and is not obliged to sue the party who paid over the money. Carver v. Creque, 48 N. Y. 385.

The finding that the payments were voluntary is favorable to plaintiff's right of recovery. Money illegally exacted by an officer under color of authority and the compulsion of legal process can be recovered back. 4 Wait's Act. and Def. And if such had been the case here, defendant might at least have urged that he was liable to the applicants for this money. But these payments being voluntary, though made under a mistake of law, can not be recovered by the applicants. Id. 487.

An officer, who has received public money, can not refuse to pay it over to the person entitled to it on the ground that he collected it under a void authority. Bell v. Railroad Co., 4 Wall. 598; Supervisors v. Bates, 17 N. Y. 242; Ross v. Curtis, 31 Id. 606; People v. Brown, 55 Id. 180; Placer County v. Astin, 8 Cal. 304; McKie v. Monterey County, 51 Id. 275.

Nor can one, who has presumed to act as an officer under the revenue laws, and who has made collections as such, be permitted, when called upon to account, to say that he is a usurper. Cooley on Taxation, 191, 192; Bell v. Railroad Co., 4 Wall. 598; Supervisors v. Bates, 17 N. Y. 242.

H. B. HAMILTON for defendant in error.

The collector of the county is entitled to charge "ten per centum upon all license taxes collected by him." Sec. 2910, Comp. Laws, 1884.

The defendant must have acted in some way as the agent of plaintiff in the receipt of the money to which plaintiff is legally and justly entitled, or that the payment was voluntarily made by the licensee to the defendant, and, if the latter is true, then there must have been an express promise on the part of defendant to pay the money to plaintiff. Sargent v. Stryker, 32 Am. Dec. 404; Moore v. Moore, 127 Mass. 22.

The person desiring to take out a liquor license

must apply to the mayor and city council for his license to engage in the business of a dramshop keeper, and when the license is granted, it must then be issued and signed by the city clerk, and not by the probate clerk or any other person; and must, when issued, be by the city clerk, turned over to the applicant, and the money collected paid into the county treasury, and covered into the school fund. Secs. 1, 3, chap. 9, Laws, 1891.

Where a reward to which plaintiff claims to be entitled is lawfully paid to a defendant, there is no such privity as will support an action for money had and received by the plaintiff against the defendant. Sargent v. Stryker, 32 Am. Dec. 404.

So where money, to which plaintiff is entitled under a will, is by mistake of the executor paid to the defendant, it can not be recovered. Moore v. Moore, 127 Mass. 22. See, also, Rand v. Smallidge, 130 Id. 337.

Where a broker employed by two persons to sell cattle for them, paid one of them more, and the other less, than he was entitled to, it was held that the latter could not maintain a count for money had and received against the party receiving the overpayment, there being no privity between them. Hall v. Carpen, 27 Ill. 386.

So one in whose behalf money is borrowed without authority is not liable to the lender for money held and received, though the money was actually appropriated to his use. Kelly v. Ling, 7 Gray, 287.

SEEDS, J.—This was an action in assumpsit brought by the board of education of Socorro against Charles A. Robinson, at that time sheriff of Socorro county, to recover from him $240, which it alleged he held and retained from it. The case was tried below upon an agreed statement of facts before the court, who found the issues for the defendant, and the plaintiff brings this, its writ of error. The facts are in substance as

follows:   The plaintiff is the legal school board of the city of Socorro.   The defendant was then the sheriff of Socorro county.   Certain persons in the city of Socorro, desiring the privilege of selling liquors, in accordance with the provisions of the license law of 1891, made due application to the proper parties, to wit, the city council of Socorro, for such licenses, which were granted; that thereafter the probate clerk issued the licenses in accordance with the applications, and placed them in the hands of the defendant, as sheriff and ex officio collector of taxes, to deliver upon payment of the license tax; that the defendant collected the sums of the licenses, and paid them over to the proper persons, by whom that portion due to this plaintiff was credited to it; that the defendant paid over one license less his ten per cent, to the city treasurer; that the defendant had retained from the total collection ten per cent of the amount so collected by him; that, after the license fees were collected, they were charged up against the defendant as collector upon the books of the county by the accountant employed to write up the books of said county; and that the plaintiff, before beginning this action, demanded in writing the money so retained by the defendant.  Upon these facts the court found as matters of law as follows:   First. The probate clerk was not authorized to issue the licenses in question.   Second. The issuance of such licenses, and placing the same in the hands of the sheriff, did not authorize him to collect the same; that the payment to him was voluntary, and did not constitute him the agent of the plaintiff in this suit.   Third. That the defendant did not collect or undertake to collect the sum of money sued for as the agent of the plaintiff, but as the agent of the county commissioners.   Thereupon the court found for the defendant.   The plaintiff moved for a new trial, which being overruled, he sued out a writ of error to this court, and assigns various grounds of error.

The whole question can be considered upon the general assignment that the court erred in holding that the defendant, in collecting the license fees, was not *Liquor license fees, right of sheriff to commissions on.* the agent of the plaintiff. By the terms of the license act of 1891 it is provided that any person desiring to sell liquors in any incorporated city shall make due application for a license to the mayor or city council. Section 1, ch. 9, Laws, 1891. That act further provides that every license provided for by the act shall be issued for the period of twelve months by the clerk of the board of county commissioners, upon order of such board, or by the city, or town clerk, or recorder, upon order of the mayor, city, or town council, or board of trustees, as the case may be, and shall, by such clerk or recorder, be turned over to the applicant for said license, upon the payment of said license fee by said applicant into the hands of the county treasurer, to be covered into the general school fund of the county. Section 3. Sections 2903 and 2904 of the Compiled Laws of 1884 provide for the assessment of license fees by the county assessor, and their collection by the county collector, who is the sheriff. It was under authority of these sections that the defendant herein acted, and retained the ten per cent now sued for. Before considering the law applicable to the case, we will see just what the ultimate facts of this record are. It is clear that the applications for the licenses were made properly, and to the legal parties competent to grant them, and were granted; that, mistaking the law, the probate clerk, instead of the city recorder, made out the licenses; that, still under a mistake of law, the alleged licenses were placed in the hands of this defendant for collection, who collected them, and they were paid to the proper parties by this collector, less his ten per cent for collection. We think the necessary inferences from these facts are that the applicants paid their money in good faith, believing that they were obtaining the licenses

for which they made application; that they paid said money to the defendant, believing that he represented the parties who granted the application; that he himself believed he was collecting the license fees for the plaintiff herein, as he paid a goodly portion of the same to its proper representative, thereby admitting by his act that it was entitled to the money; that, as the plaintiff accepted the money from him, it approved his act of collecting the money, and thereby made him their agent. To us this seems conclusive. Was he entitled, then, to reserve out of his collections the ten per cent charged by him? There is a repealing clause to chapter 9, Laws, 1891, but it is quite narrow in its phraseology, and it might be a question whether it repealed completely sections 2903, 2904, Compiled Laws, 1884. But the language of section 3 provides that the applicant himself is to pay the money into the hands of the county treasurer, whereupon he is to obtain his license. By necessary implication, this does away with the use of the collector. He has nothing to do with the collection of licenses, and is therefore not entitled to his ten per cent by reason of the sections cited. But has this plaintiff any interest in the sum which the defendant has retained out of the license fees? Having no legal authority to collect the license fees, his acts become those of a volunteer, and it only remains to determine whether, by reason of any of his volunteer acts, he has become either the agent of the plaintiff in the transaction, or has received into his possession money belonging to it.

The contention of the defendant in the case is that there is no privity between the plaintiff and the defendant, and therefore this action can not be maintained. Upon the other hand, the plaintiff contends that there need be no privity between the parties in order to sustain the action of assumpsit, but only that the defendant should have in his possession, by some means,

LIQUOR licenses issued by probate clerk: assumpsit to recover commission collected thereon by sheriff.

money belonging to the plaintiff. There are citations of authorities to sustain both of these propositions, and there is no necessary conflict between them. The defendant cites, as sustaining his contention, the case of Sergeant v. Stryker, 32 Am. Dec. (N. J.) 404. In that case a sheriff had offered a reward of $50 for apprehending a prisoner. Stryker caught the prisoner, lodged him in prison, and then proceeded to the sheriff to demand the reward; but, upon reaching the sheriff, he found that Sergeant and another had represented that they had apprehended the prisoner, and had been paid the reward. Thereupon Stryker sued Sergeant in assumpsit for money had and received to his use. Upon the trial the sheriff swore that he did not pay Sergeant and the other for Stryker or on his account. The court held that there was no privity between Stryker and Sergeant, and, therefore, that he could not recover in the action; and the holding was manifestly correct. No money, by any act, had ever belonged to the plaintiff. He could have had no right to the reward until he had proven his apprehension of the prisoner, and until that time any money which the sheriff might pay out to others would not be burdened with any rights of Stryker. There was no ground upon which he could base or predicate a claim in assumpsit. The court, in the cited case, say: "In short, there must be some privity existing between the parties in relation to the money sought to be recovered in this action. This privity may be either express or implied. It is express where the defendant has received the money as agent or bailiff for the plaintiff, or where he consents or agrees to appropriate money in his hands belonging to another to the payment of the plaintiff, at the owner's request. But it can be implied only where the defendant has received money of the plaintiff, or money belonging to the plaintiff by mistake, or fraud or duress.  *   *   *   In other words, the money

sought to be recovered in this action upon an implied promise must be either identically the money of the plaintiff, of which the defendant has improperly possessed himself, or  *  *  *.''   Page 409.   It seems to us that the case before us comes within the spirit, if not the very words, of this rule.   The defendant had no authority to collect this money, but, believing he had, he presented himself to the parties who had made their application for the licenses, and requested the payment.   They promptly paid the money.   Did they pay it to the defendant as their agent?   Certainly not; they paid it to him as the supposed representative of the plaintiff.   Did he, the defendant, receive the money as the money of the licensees, or of this plaintiff? Clearly of this plaintiff.   And this plaintiff received the money, or a part of it, as the money belonging to it,—as the money due for the licenses.   Now is it not clear that the intention of all the parties, as shown by the record, was to pay this money to the board of education as of right belonging to it?   The money came into the defendant's hands by mistake, as the rule above laid down requires, but all parties believing that it belonged to the plaintiff.   It is urged, however, that the so-called ''licenses'' delivered to the licensees were so much waste paper, and would be no protection to the holders of them, and hence that the money delivered to the defendant was the money of the licensees, and not of this plaintiff.   But that does not follow. The licensees had made proper applications, and, upon paying the license fee into the hands of the county treasurer, were entitled to a proper license.   Now, we do not presume that it will be contended that these applicants can not pay the money either into the hands of the agent of the treasurer, or to him by their own agent, if they see fit, and then be entitled to their licenses.   If the treasurer has actually received their money, can they not compel the proper officer to issue

to them their licenses? Does not the money belong to the board of education until the license is issued? If, then, this board of education has received the applicants' money, have they not claimed it as their own? Supposing, then, that, by a mistake, this defendant has collected moneys actually intended for the board, he recognizes it as belonging to it, the board claims the money as its property; does not the defendant thereby recognize the plaintiff as entitled by right to the money, and does not the board approve the act of the defendant, and thereby make him its agent? The very action of the defendant in this matter sustains this view of the case; for, unless all the money collected by him belonged to the proper persons under the law for whom he was collecting it, he had no right, under the section of the Compiled Laws of 1884, to claim his ten per cent. In our judgment, there is no escaping the conclusion that all parties recognized that the money for the licenses was intended for this plaintiff; that the defendant was acting as its agent in collecting the same, or wrongfully received that which belonged to the plaintiff, and in either case was liable in this action for money had and received to the plaintiff's use; and, as he was not entitled to any of the money for collecting it, he should therefore pay over the amount retained to plaintiff. The judgment of the lower court ought to be reversed, and judgment given for plaintiff.

O'BRIEN, C. J., and FALL and LEE, JJ., concur.